# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALFREDO BAUTISTA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY TRIAL DEMANDED** |
| **LOWE'S HOME CENTERS, LLC AND** | § | |
| **LOWE'S COMPANIES, INC.** | § | |
| | § | |
| *Defendants.* | § | |

---

### DEFENDANTS LOWE'S HOME CENTERS, LLC'S AND LOWE'S COMPANIES, INC.'S INDEX OF MATTERS BEING FILED

---

Defendants LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC., hereby filed this Index of all documents filed in State Court Action:

A.  Index of Documents:

1)  Plaintiff's Original Petition, filed on September 6, 2022;

2)  Process Request for Lowe's Home Centers, LLC, filed on September 6, 2022;

3)  Process Request for Lowe's Companies, Inc., filed on September 6, 2022

4)  Affidavit of Service for Lowe's Home Centers, LLC, filed on September 21, 2022;

5)  Affidavit of Service for Lowe's Companies, Inc., filed on September 21, 2022;

6)  Defendants Lowe's Home Centers, LLC's and Lowe's Companies, Inc.'s Original Answer and Demand for Jury Trial, filed on October 4, 2022; and

7)  Case Sheet.

Respectfully submitted,

**MAYER LLP**
2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000/Fax 713.487.2019

By:  _/s/ Jason M. Gunderman_
    Kevin P. Riley
    State Bar No. 16929100
    Federal Bar No. 13776
    E-Mail: kriley@mayerllp.com
    Jason M. Gunderman
    State Bar No. 24085349
    Federal Bar No. 3395605
    E-Mail: jgunderman@mayerllp.com

ATTORNEYS FOR DEFENDANTS
LOWE'S HOME CENTERS, LLC AND
LOWE'S COMPANIES, INC.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on October 7, 2022, the foregoing *Defendants Lowe's Home Centers, LLC's and Lowe's Companies, Inc.'s Index of Matter Being Filed* was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Southern District of Texas:

Hugo R. Montes
The NMW Law Firm
3 Greenway Plaza, Suite 1575
Houston, Texas  77046
Email: hrmontes@nmwlawfirm.com

**COUNSEL FOR PLAINTIFF**

☒E-MAIL:
☐HAND DELIVERY
☐FACSIMILE
☐OVERNIGHT MAIL
☐REGULAR, FIRST-CLASS MAIL
☒CM/ECF
☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*Jason M. Gunderman*
Jason M. Gunderman

9/6/2022 10:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67966348
By: Patricia Jones
Filed: 9/6/2022 10:48 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ALFREDO BAUTISTA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants* | | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, ALFREDO BAUTISTA, hereinafter called Plaintiff, complaining of and about LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I.  DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level II.

### II.  PARTIES AND SERVICE

2.      Plaintiff, ALFREDO BAUTISTA, is an individual who is a resident of Texas.

3.      Defendant, LOWE'S HOME CENTERS, LLC is a foreign corporation organized and existing under the laws of North Carolina, whose principal place of business is located in 1000 Lowe's Blvd., TAX52, Mooresville, NC 28117, may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a Lawyers Incorporating Service Company, in Travis County at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant, LOWE'S COMPANIES, INC is a foreign corporation organized and existing under the laws of North Carolina, whose principal place of business is located in 1000 Lowe's Blvd., NB4TA, Mooresville, NC 28117, may be served with process by serving its

registered agent for service of process, Corporation Service Company d/b/a Lawyers Incorporating Service Company, in Travis County at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

8.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

9.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.  MISNOMER/ALTER EGO

10.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V.  FACTS

11.     On or about September 8, 2020, Plaintiff was an invitee at Defendants' store, Meyerland Lowe's #1570, 4645 Beechnut St., Houston, Texas 77096. In his shopping endeavors, Plaintiff was walking through an isle where an employee of Defendants', suddenly and without warning, caused a large box that contained goods or products to fall from a shelf at considerable height and strike Plaintiff. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition of the improperly secured box of goods or products and could not have been expected to reasonably discover it.

12.     At all material times hereto, Defendants by and through their representatives, agents, servants and employees negligently allowed the creation and continued existence of this dangerous condition/situation within the Meyerland Lowe's #1570 so as to make the premises a dangerous place. Defendants failed to give adequate warnings to Plaintiff of the unsafe and dangerous condition created by their employee while stacking boxes.  The area where Plaintiff was walking lacked proper safeguards and protection to prevent injury.  Specifically, the box of goods or products was not properly fastened or secured on the shelf and the area was not closed off nor did they have any kind of marking or warning sign to alert any wayfarers walking through that area of the premises of the dangerous condition/situation.

## VI.  PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS

### a.  *Negligence*

13.     Defendants had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

14.     Plaintiff's injuries were proximately caused by Defendants' negligent, careless and

reckless disregard of said duty.

15.     The negligent, careless and reckless disregard of duty of Defendants consist of, but are not limited to, the following acts and omissions:

    A.     Defendants, though its employees and/or agents, failed to maintain the area in a reasonably safe condition, failed to inspect the premises where the dangerous condition was existed, and failed to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

    B.     In that Defendants failed to maintain the premises, including active stocking, in a reasonably safe condition for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.     Defendants' negligent agents and/or employees were at all pertinent times acting in the course and scope of their employment with Defendants;

    B.     Defendants failed to properly train their agents and/or employees on proper procedures and protocols while working on Defendants' premises;

    B.     Defendants failed to properly train their agents and/or employees on how not to create and/or how to eliminate dangerous conditions while working on Defendants' premises;

    B.     Defendants failed to properly supervise their agents and/or employees on while actively stocking shelves on Defendants' premises;

    E.     Other acts deemed negligent.

16.     Each of the foregoing acts and/or omissions by Defendants, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

### b. *Vicarious Liability*

17.     Defendants are liable for the torts committed by its employees during the course and scope of employment. The acts of Defendants' employee, were performed while in the employment of Defendants and were within the scope of that employment or within the authority delegated to the employee.

### c. *Premises Liability*

18.     At the time of the incident, Plaintiff was an invitee of Defendants and Defendants owed Plaintiff the utmost duty of care under the theory of premises liability as an invitee. Plaintiff entered the Defendants' premises with Defendants' knowledge and for their mutual benefit. At all times relevant, Meyerland Lowe's #1570, was owned, controlled, and/or operated by Defendants. A condition on the premises posed an unreasonable risk of harm. Defendants had the ability and authority to ensure its premises were not unreasonably dangerous for invitees. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

19.     Defendants knew or reasonably should have known of the condition on the premises because, on information and belief, Defendants, their agents, servants or employees, actually caused the dangerous condition on the premises.

20.     Defendants breached that duty of ordinary care by:

   a) Failing to adequately warn Plaintiff of the dangerous condition;
   b) Failing to warn Plaintiff of the concealed and other dangers Defendants knew or should have know about;
   c) Failing to make the condition(s) reasonably safe;
   d) Failing to provide a safe shopping environment for their invitees;
   e) Failing to provide adequate safeguards to prevent Plaintiff from being injured on the premises;
   f) Failing to properly train their employees or have/enforce policies regarding safe stocking practices;
   g) Failing to make the premises safe for all who entered, including Plaintiff.

21.     Each of the foregoing acts and/or omissions by Defendants, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

### d. *Gross Negligence*

22.     Defendants were grossly negligent, as that term is understood under Texas Law,

and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendants' grossly negligent conduct justifies the imposition of punitive and exemplary damages both as a punishment to Defendants for Defendants' callous disregard for the safety of other and as a deterrent to others from engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to actual damages.

## VII.  DAMAGES FOR PLAINTIFF ALFREDO BAUTISTA

23.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00:

A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, ALFREDO BAUTISTA, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Lost earning capacity:

F.    Mental anguish in the past;

G.    Mental anguish in the future;

H.    Physical impairment sustained in the past;

I.    Physical impairment which will, in all probability, be sustained in the future; and

J.    Past and future disfigurement.

## VIII.  EXEMPLARY DAMAGES

24.    Plaintiff seeks exemplary damages caused by Defendants' malice, gross negligence, and willful acts and/or omissions. Exemplary damages are sought under Section 41.003(a)(2) of the Texas Civil Practice and Remedies Code, as defined by Section 41.001(7). Plaintiff also seeks exemplary damages under Section 41.03(a)(3) of the Texas Civil Practice and Remedies Code as defined by Section 41.001(11).

## IX.  DEMAND FOR TRIAL BY JURY

25.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X.  REQUIRED DISCLOSURE

26.    Pursuant to Texas Rules of Civil Procedure 194, Defendant, unless otherwise excepted or ordered, must provide Plaintiff and all other parties, within 30 days from the date of their original appearance, the information or material described in Rule 194.2.

## XI.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ALFREDO BAUTISTA, respectfully prays that the Defendant, LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted:

The NMW Law Firm


By: _____

**Hugo R. Montes**
Texas Bar No. 24098781
3 Greenway Plaza, Ste 1575
Houston, Texas 77046
Tel: (713) 714-2563
Fax: (832) 219-1025
hrmontes@nmwlawfirm.com
Attorney for Plaintiff
ALFREDO BAUTISTA

CAUSE NO. 202256128

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 962057  TR# 74049417

| | |
|---|---|
| Plaintiff: | In The 164th |
| BAUTISTA, ALFREDO | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| LOWE'S HOME CENTERS LLC | Houston, Texas |
| (FOREIGN CORPORATION) | |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   LOWE'S HOME CENTERS LLC
(FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT FOR SERVICE
OF PROCESS CORPORATION SERVICE COMPANY
(D/B/A LAWYERS INCORPORATING SERVICE COMPANY)
1000 LOWE'S BLVD TAX 52, MOORESVILLE NC 28117

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on September 6, 2022 in the above cited cause number and court.
The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on September 8, 2022, under my hand and seal of said court.

Issued at the request of:

MONTES, HUGO RENE GRANADOS
3 GREENWAY PLAZA, STE. 1575
HOUSTON, TX 77046
(713) 714-2563
Bar Number: 24098781

MATTHEWS

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO Box 4651, Houston, TX
77210)

Generated    By:    CHRISTOPHER

Tracking Number: 74049417

CAUSE NUMBER: 202256128

PLAINTIFF: BAUTISTA, ALFREDO                                In the 164th

    vs.                                                Judicial District Court of

DEFENDANT: LOWE'S HOME CENTERS LLC

(FOREIGN CORPORATION)                                       Harris County, Texas

---

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____

_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
    By_____
         Affiant                                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___

_____

                                        Notary Public

CAUSE NO. 202256128

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 962057   TR# 74049418

| | |
|---|---|
| Plaintiff: | In The 164th |
| BAUTISTA, ALFREDO | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| LOWE'S HOME CENTERS LLC | Houston, Texas |
| (FOREIGN CORPORATION) | |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   LOWE'S COMPANIES INC (FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING ITS
REGISTERED AGENT FOR SERVICE OF PROCESS CORPORATION SERVICE COMPANY (D/B/A LAWYERS
INCORPORATING SERVICE COMPANY)
1000 LOWE'S BLVD NB4TA, MOOREVILLE NC 28117

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on September 6, 2022 in the above cited cause number and court.
The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

        This citation was issued on September 8, 2022, under my hand and seal of said court.

Issued at the request of:

MONTES, HUGO RENE GRANADOS
3 GREENWAY PLAZA, STE. 1575
HOUSTON, TX 77046
(713) 714-2563
Bar Number: 24098781

MATTHEWS

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO  Box  4651,  Houston,  TX
77210)

Generated     By:     CHRISTOPHER

Tracking Number: 74049418

CAUSE NUMBER: 202256128

PLAINTIFF: BAUTISTA, ALFREDO                      In the 164th

    vs.                                          Judicial District Court of

DEFENDANT: LOWE'S HOME CENTERS LLC

(FOREIGN CORPORATION)                             Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy(ies) of the Petition.
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____
   By_____
       Affiant                                                 Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___

_____

Notary Public

9/21/2022 9:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68499624
By: Kathy Givens
Filed: 9/21/2022 9:24 PM

CAUSE NO.  202256128

RECEIPT NO.  962057                                    0.00        EML
                    *********                TR # 7404941

PLAINTIFF: BAUTISTA, ALFREDO                    In The   164th
                vs.                             Judicial District Court
DEFENDANT: LOWE'S HOME CENTERS LLC (FOREIGN CORPORATION)    of Harris County, Texas
                                               164TH DISTRICT COURT
                                               Houston, TX

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: LOWE'S HOME CENTERS LLC (FOREIGN CORPORATION) MAY BE SERVED WITH
    PROCESS BY SERVING ITS REGISTERED AGENT FOR SERVICE OF PROCESS CORPORATION
    SERVICE COMPANY (D/B/A LAWYERS INCORPORATING SERVICE COMPANY)

    1000  LOWE'S BLVD TAX 52   MOORESVILLE  NC  28117

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 6th day of September, 2022, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 8th day of September, 2022, under my hand and
seal of said Court.



Issued at request of:                          MARILYN BURGESS, District Clerk
MONTES, HUGO RENE GRANADOS                      Harris County, Texas
3  GREENWAY PLAZA, STE. 1575                    201 Caroline, Houston, Texas 77002
HOUSTON, TX  77046                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 714-2563
Bar No.: 24098781
                                    Generated By: MATTHEWS, CHRISTOPHER  Z8Y//12095842

OFFICER/AUTHORIZED PERSON RETURN

        Received on the _____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas, on the ____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____ ,

                by delivering to _____, in person _____
a corporation <
                by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____          By _____
        Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                        _____
                                              Notary Public

N.INT.CITCN.P                          *74049417*

## AFFIDAVIT OF SERVICE

State of Texas                    County of Harris                    164th Judicial District Court

Case Number: 202256128

Plaintiff:
**Alfredo Bautista**

vs.

Defendant:
**Lowe's Home Centers, LLC and Lowe's Companies, Inc.**

For:
The NMW Law Firm
2929 Allen Pkwy
Suite 200
Houston, TX 77019

Received by Tom Kroll on the 9th day of September, 2022 at 12:14 pm to be served on **Lowe's Home Centers LLC by serving its Registered Agent, Corporation Service Company (d/b/a Lawyers Incorporating Service Company), 211 E. 7th St., Ste. 620, Austin, Travis County, TX 78701.**

I, Tom Kroll, being duly sworn, depose and say that on the **9th day of September, 2022** at **3:20 pm, I:**

delivered to a **CORPORATION BY AND THROUGH ITS REGISTERED AGENT**, by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Kaneisha Gross, Corporation Service Company (d/b/a Lawyers Incorporating Service Company)** as **Authorized Agent** at the address of: **211 E. 7th St., Ste. 620, Austin, Travis County, TX 78701** on behalf of **Lowe's Home Centers LLC**, and informed said person of the contents therein, in compliance with state statutes.

My name is Tom Kroll. My date of birth is 7/5/1958. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on September 14, 2022 by Tom Kroll, declarant.

Subscribed and Sworn to before me on the 14th day
of September, 2022 by the affiant who is personally
known to me.

NOTARY PUBLIC

ALYSSA BAILEY BENAVIDES
Notary Public, State of Texas
Comm. Expires 06-13-2026
Notary ID 133809459

**Tom Kroll**
PSC-3012, Exp. 08/31/2023

**North Houston Process & Investigations**
20214 Ribbonwood Point Ct
Tomball, TX 77375
(832) 503-0812

Our Job Serial Number: MST-2022008287
Ref: Alfredo Bautista v. Lowe's Home et al.

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68499624
Status as of 9/22/2022 9:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hugo R.Montes | | hrmontes@nmwlawfirm.com | 9/21/2022 9:24:20 PM | SENT |

9/21/2022 9:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68499624
By: Kathy Givens
Filed: 9/21/2022 9:24 PM

CAUSE NO.   202256128

RECEIPT NO.   962057                              0.00        EML
            **********                TR # 74049418

PLAINTIFF: BAUTISTA, ALFREDO                    | In The   164th
                vs.                             | Judicial District Court
DEFENDANT: LOWE'S HOME CENTERS LLC (FOREIGN CORPORATION) | of Harris County, Texas
                                               | 164TH DISTRICT COURT
                                               | Houston, TX

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: LOWE'S COMPANIES INC (FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS
    BY SERVING ITS REGISTERED AGENT FOR SERVICE OF PROCESS CORPORATION SERVICE
    COMPANY (D/B/A LAWYERS INCORPORATING SERVICE COMPANY)

    1000  LOWE'S BLVD NB4TA   MOOREVILLE   NC   28117

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 6th day of September, 2022, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

    This citation was issued on 8th day of September, 2022, under my hand and
seal of said Court.



                                          Marilyn Burgess
Issued at request of:                     MARILYN BURGESS, District Clerk
MONTES, HUGO RENE GRANADOS                Harris County, Texas
3  GREENWAY PLAZA, STE. 1575              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77046                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 714-2563
Bar No.:  24098781
                                          Generated By: MATTHEWS, CHRISTOPHER  Z8Y//12095842

OFFICER/AUTHORIZED PERSON RETURN

        Received on the ____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas, on the ____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____'

                 by delivering to _____, in person _____
a corporation <
                 by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____            By _____
         Affiant                                      Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                          _____
                                                   Notary Public

N.INT.CITCN.P                    *74049418*

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **164th Judicial District Court**

Case Number: 202256128

Plaintiff:
**Alfredo Bautista**

vs.

Defendant:
**Lowe's Home Centers, LLC and Lowe's Companies, Inc.**

For:
The NMW Law Firm
2929 Allen Pkwy
Suite 200
Houston, TX 77019

Received by Tom Kroll on the 9th day of September, 2022 at 12:14 pm to be served on **Lowe's Companies Inc. by serving its Registered Agent, Corporation Service Company (d/b/a Lawyers Incorporating Service Company), 211 E. 7th St., Ste. 620, Austin, Travis County, TX 78701.**

I, Tom Kroll, being duly sworn, depose and say that on the **9th day of September, 2022** at **3:20 pm, I:**

delivered to a **CORPORATION BY AND THROUGH ITS REGISTERED AGENT**, by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Kaneisha Gross, Corporation Service Company (d/b/a Lawyers Incorporating Service Company)** as **Authorized Agent** at the address of: **211 E. 7th St., Ste. 620, Austin, Travis County, TX 78701** on behalf of **Lowe's Companies Inc.**, and informed said person of the contents therein, in compliance with state statutes.

My name is Tom Kroll. My date of birth is 7/5/1958. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on September 14, 2022 by Tom Kroll, declarant.

Subscribed and Sworn to before me on the 14th day
of September, 2022 by the affiant who is personally
known to me.

NOTARY PUBLIC

ALYSSA BAILEY BENAVIDES
Notary Public, State of Texas
Comm. Expires 06-13-2026
Notary ID 133809459

**Tom Kroll**
PSC-3012, Exp. 08/31/2023

**North Houston Process & Investigations**
**20214 Ribbonwood Point Ct**
**Tomball, TX 77375**
**(832) 503-0812**

Our Job Serial Number: MST-2022008286
Ref: Alfredo Bautista v. Lowe's Home et al.

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68499624
Status as of 9/22/2022 9:37 AM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hugo R.Montes | | hrmontes@nmwlawfirm.com | 9/21/2022 9:24:20 PM | SENT |

10/4/2022 3:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68891789
By: Marcella Hill
Filed: 10/4/2022 3:37 PM

## CAUSE NO. 2022-56128

| | | |
|---|---|---|
| **ALFREDO BAUTISTA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC.** | § | |
| *Defendants* | § | **164TH JUDICIAL DISTRICT** |

## DEFENDANTS LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC.'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

Defendants, Lowe's Home Centers, LLC and Lowe's Companies Inc., ("Lowe's") hereby files its Original Answer to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

1.     Lowe's denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.
## INFERENTIAL REBUTTALS

2.     Notwithstanding the foregoing, Lowe's asserts the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

      a.     ***New and Independent Cause / Superseding Intervening Cause***.  The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of Lowe's and the injuries complained of thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

Bautista – Lowe's Answer to Plaintiff's Original Petition

   b.  ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff or a third party was the sole cause of the damages she alleges in the Petition and therefore, Lowe's is not liable to the Plaintiff.

### III.
### AFFIRMATIVE DEFENSES

3.  Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid and mitigate the claimed damages.

4.  Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that in the unlikely event that an adverse judgment would be rendered against it, Lowe's would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

5.  Lowe's hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

6.  Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred

by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

7.      Pleading further, alternatively, and by way of affirmative defense, Lowe's hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages.  Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from Lowe's.

8.      Pleading further, alternatively, and by way of affirmative defense, Lowe's hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

9.      Pleading further, alternatively, and by way of affirmative defense, Lowe's asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.  Lowe's further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Lowe's.

10.      Pleading further, alternatively, and by way of affirmative defense, Lowe's alleges that the accident made the basis of this lawsuit was just that, an accident, not caused by the negligence of any party.

11.     By way of affirmative defense, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon.  Accordingly, Lowe's specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

## IV.
## <u>JURY DEMAND</u>

1.          12.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demands a trial by jury and tenders the applicable jury fee with its Answer.

## <u>PRAYER</u>

13.     Defendants, Lowe's Home Center, LLC and Lowe's Companies Inc. prays that Plaintiff take nothing by his lawsuit, that Lowe's go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Lowe's may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / F: 713.487.2019

By: /s/: *Kevin P. Riley*

     Kevin P. Riley
     State Bar No. 16929100
     E-Mail: kriley@mayerllp.com
     Jason M. Gunderman
     State Bar No. 24085349
     E-Mail: jgunderman@mayerllp.com

**ATTORNEYS FOR DEFENDANTS
LOWE'S HOME CENTERS, LLC AND
LOWE'S COMPANIES INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of October 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Hugo R. Montes
The NMW Law Firm
3 Greenway Plaza, Suite 1575
Houston, Texas  77046
Email: hrmontes@nmwlawfirm.com

***COUNSEL FOR PLAINTIFF***

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ E-FILE AND SERVE
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

/s/ *Jason M. Gunderman*
Jason M. Gunderman

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

STEPHANIE ARMS on behalf of Jason Gunderman
Bar No. 24085349
sarms@mayerllp.com
Envelope ID: 68891789
Status as of 10/4/2022 4:11 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hugo R.Montes | | hrmontes@nmwlawfirm.com | 10/4/2022 3:37:49 PM | SENT |
| Jason Gunderman | | jgunderman@mayerllp.com | 10/4/2022 3:37:49 PM | SENT |
| Kevin Riley | | kriley@mayerllp.com | 10/4/2022 3:37:49 PM | SENT |
| Stephanie Arms | | sarms@mayerllp.com | 10/4/2022 3:37:49 PM | SENT |
| Jason Gunderman | | jgunderman@mayerllp.com | 10/4/2022 3:37:49 PM | SENT |
| Kevin Riley | | kriley@mayerllp.com | 10/4/2022 3:37:49 PM | SENT |
| Stephanie Arms | | sarms@mayerllp.com | 10/4/2022 3:37:49 PM | SENT |

**HCDistrictclerk.com**    BAUTISTA, ALFREDO vs. LOWE'S HOME CENTERS       10/5/2022
                           LLC (FOREIGN CORPORATION)
                           Cause: 202256128       CDI: 7     Court: 164

### DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 104398319 | Defendant Lowe's Original Answer and Demand for Jury Trial | | 10/04/2022 | 6 |
|  | Defendant Lowe's Original Answer and Demand for Jury Trial | | 10/04/2022 | |
| 104175137 | Citation Return- Lowe's Companies Inc | | 09/21/2022 | 3 |
| 104175138 | Citation Return- Lowe's Home Centers LLC | | 09/21/2022 | 3 |
| 103930665 | eIssue: Citation (NonRes - Corporate) | | 09/08/2022 | 3 |
| 103930748 | eIssue: Citation (NonRes - Corporate) | | 09/08/2022 | 3 |
| 103874886 | PLAINTIFF'S ORIGINAL PETITION | | 09/06/2022 | 8 |